IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Andrew Bardes,                     Case No. 1:24 CV 701

            Plaintiff,                <u>DISMISSAL ORDER</u>

     –vs–                           JUDGE JACK ZOUHARY

Hon. District Judge Douglas Cole, et al.,

          Defendants.

## INTRODUCTION

Plaintiff *pro se* David Andrew Bardes brings this action against United States District Judge Douglas Cole, Magistrate Judge Stephanie Bowman, and Magistrate Judge Karen Litkovitz ("Defendants"), in their individual and official capacities (Doc. 1-3). He alleges these judicial officers accepted criminal bribes, engaged in a broad conspiracy with former President George W. Bush, former Vice President Dick Cheney, various technology companies and their executives, and others, resulting in the wrongful dismissal of two prior federal cases: *Bardes v. United States*, 2021 WL 6063286 (S.D. Ohio 2021) and *Bardes v. Bush*, 2023 WL 2364664 (S.D. Ohio 2023).

Three sets of Motions are pending:

- Defendants' Motion to Dismiss and to Declare Plaintiff a Vexatious Litigator (Doc. 13);

- Plaintiff's Motions for Default Judgment (Docs. 7, 9); and

- Plaintiff's various "Objections" (Docs. 11, 15, 17).

For the reasons explained below -- and largely for the reasons set forth in Defendants' briefing (Docs. 10, 13) -- this Court grants the Motion to Dismiss, denies Plaintiff's Motions for Default

Judgment along with his remaining requests, and declares Plaintiff a vexatious litigator subject to limited prefiling restrictions.

### BACKGROUND

**Plaintiff's Prior Litigation**

Plaintiff has been litigating his *pro se* cases in federal court for nearly two decades (Doc. 1-3 at 3). That history begins with his "cold-cell torture" allegations in South Carolina. Defendants assert this Court "should declare Bardes a vexatious litigator and impose prefiling restrictions due to his history of filing frivolous lawsuits" (Doc. 13 at 20). In support, Defendants outline eight lawsuits across four district courts since 2008 (*id.*). Defendants include the facts of these lawsuits in their motion (*id.* at 4–9), and Plaintiff lays out most of these lawsuits through the facts in his current Complaint (Doc. 1-3). That history is included here for clarity.

***Bardes v. Magera***, **2009 WL 3163547 (D.S.C. 2009)**. Plaintiff filed a sprawling civil-rights complaint, later amended to 151 pages with a 190-page attachment, naming numerous state and local officials, judges, and private entities. *Id.* at *1. He alleged that, during a six-month contempt sentence for unpaid child support, Charleston County officials placed him in a "cold cell" where he was subjected to extreme cold and denied basic necessities for several days, causing "stage 3 hypothermic shock" and a hypothermic coma in which he believed he died. *Id.* at *4. The court adopted the Magistrate Judge's detailed Report and Recommendation ("R&R"), dismissing all claims except those against the county sheriff in his individual capacity. The court found, among other things, that Plaintiff's RICO, conspiracy, and criminal-law theories were wholly conclusory, and that he had no private right of action to enforce federal criminal statutes.

Plaintiff appealed twice to the Fourth Circuit. He lost both times. *See Bardes v. Magera*, 372 F. App'x 424 (4th Cir. 2010); *Bardes v. Magera*, 403 F. App'x 862 (4th Cir. 2010). And his Petition for Writ of Certiorari was also denied. *Bardes v. Magera*, 563 U.S. 907 (2011).

2

*Bardes v. S. Carolina*, **2010 WL 1498190 (D.S.C. 2010).**  Plaintiff then brought a second lawsuit in South Carolina.  The court dismissed this case on the basis of claim preclusion, finding the claims arose out of the same core of operative facts as the first action.  *Id.* at *2.

*Bardes v. S. Carolina*, **2013 WL 3864405 (M.D.N.C. 2013).**  Plaintiff then opted to change his venue, filing his next case in North Carolina.  The Magistrate Judge concluded the complaint "reflect[ed] the delusional, wholly incredible allegations of someone suffering from mental illness." *Id.* at *6.  The court adopted that R&R and Plaintiff appealed.  The Fourth Circuit again affirmed. *Bardes v. S. Carolina*, 554 F. App'x 172 (4th Cir. 2014).

*Bardes v. Auld*, **2015 WL 5796466 (W.D.N.C. 2015).**  Plaintiff then changed venue once more.  In this complaint, Plaintiff again sought damages for the injuries he "allegedly sustained as a result of 'brutal hypothermic torture . . . .'"  *Id.* at *1.  Plaintiff acknowledged he already filed previous lawsuits for these injuries, but complained that the judges he named as defendants wrongfully dismissed those actions and should be punished for doing so.  *Id.*  The court dismissed Plaintiff's claims with prejudice because the claims were barred by claim preclusion, collateral estoppel, or judicial immunity, and the complaint lacked an arguable basis in law or fact.  *Id.* at *1–2.  Plaintiff again appealed, unsuccessfully.  *Bardes v. Auld*, 629 F. App'x 570 (4th Cir. 2016).  His Petition for a Writ of Certiorari was, no surprise, denied.  *Bardes v. Auld*, 578 U.S. 922 (2016).

*Bardes v. U.S. Courts*, **2017 WL 3402080 (W.D.N.C. 2017).**  Undeterred by his lack of success in North Carolina thus far, Plaintiff again pursued his quest for damages "for injuries he allegedly sustained as a result of 'hypothermic torture' that he claims occurred while he was being held as a detainee in [South Carolina]."  *Id.* at *1.  The court dismissed the case with prejudice based on frivolousness, claim preclusion, and collateral estoppel.  *Id.* at *3–4.  The court also informed Plaintiff "that future frivolous filings [would] result in the imposition of a pre-filing review system."  *Id.* at *9.

3

*Bardes v. United States*, **2021 WL 6063286 (S.D. Ohio 2021).** Plaintiff heeded this warning for a few years. But after a respite from Carolina litigation, Plaintiff headed North, replaying his claims in Ohio. During his sojourn from federal court, Plaintiff expanded his narrative into an ever-broader conspiracy involving multiple judges and federal officials. According to Plaintiff, federal judges were "instantly dismiss[ing] torture lawsuits to protect George W. Bush, Dick Cheney, and the few CIA torture agents from being sued." *Id.* at *1. The District Judge found the complaint to be frivolous and adopted the Magistrate Judge's recommendation to dismiss the case and to certify that an appeal could not be taken in good faith. *Id*. at *2–3. The Sixth Circuit affirmed that dismissal in an unpublished order. *Bardes v. United States*, 2022 WL 18461490, at *1 (6th Cir. 2022).

*Bardes v. Bush*, **2023 WL 2364664 (S.D. Ohio 2023).** Plaintiff again targeted George W. Bush and Dick Cheney, this time adding the CEOs of Microsoft Corp., Alphabet Inc., Apple Inc., and others. The court described Plaintiff's allegations as "truly extraordinary," involving claims that Bush and Cheney used hypothermic torture on their enemies, and that Bush, Cheney, and multiple technology companies conspired to silence Plaintiff's speech -- including through attempts to kill him. *Id.* at *1. The Magistrate Judge found the action to be "frivolous." *Bardes v. Bush*, 2022 WL 7121518, at *6–8 (S.D. Ohio 2022). The District Judge dismissed the case, noting that "[Plaintiff]'s story has no legal merit and no plausible basis in reality." *Bardes v. Bush*, 2023 WL 2364664, at *1. Plaintiff was notified that "submitting any additional objectively frivolous filings may result in [labeling] him a vexatious litigator." *Id.* at *19.

The Sixth Circuit affirmed with the modification that the case be dismissed without prejudice because the district court did not have subject-matter jurisdiction. *Bardes v. Bush*, 2023 WL 9318039 (6th Cir. 2023). The Supreme Court denied a Petition for Writ of Certiorari -- strike three. *Bardes v. Bush*, 144 S. Ct. 1061 (2024).

4

**This Case**

Plaintiff now turns his sights towards the Ohio judicial officers who ruled against him.  The Complaint alleges that District Judge Cole, Magistrate Judge Bowman, and Magistrate Judge Litkovitz accepted criminal bribes from former President Bush and corporate Defendants in his prior cases in exchange for dismissing those actions (Doc. 1-3 at 1–2).  He pleads a "jurisdiction statement," citing 28 U.S.C. § 1331, asserting causes of action under:

- federal criminal bribery statutes, 18 U.S.C. §§ 201 & 666;

- a *Bivens* claim for violations of the Fifth and Fourteenth Amendments; and

- various "federal torts," including abuse of process, fraud, civil conspiracy, intentional infliction of emotional distress, defamation/malpractice, and breach of fiduciary duty.

Plaintiff seeks treble damages -- totaling "$204 billion dollars" by his calculation -- as well as an injunction prohibiting Defendants from presiding over any refiled version of *Bardes v. Bush* that he may attempt to bring in the future (Docs. 1-3 at 2; 7 at 1).

**Pending Motions**

First, Defendants move to dismiss under Federal Civil Rules 12(b)(1), 12(b)(5), and 12(b)(6). They argue (Doc. 13 at 10–19):

- this Court lacks subject-matter jurisdiction because the allegations are implausible and frivolous under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999);

- Plaintiff fails to state a viable *Bivens* claim under *Egbert v. Boule*, 596 U.S. 482 (2022);

- the claims are barred by judicial and sovereign immunity;

- there is no private cause of action under the cited criminal statutes; and

- Plaintiff failed to perfect service.

5

Additionally, Defendants ask this Court to declare Plaintiff a vexatious litigator and impose prefiling restrictions based on his long history of frivolous and conspiratorial lawsuits (Doc. 13 at 19–21).

Plaintiff moves for default judgment against all Defendants, asserting they "failed to answer" within 60 days of service and thereby "confessed" their guilt (Docs. 7 at 1; 9 at 1). Defendants respond that Plaintiff failed to properly serve them or follow the procedural default steps, and, in any event, they timely appeared and filed a Federal Civil Rule 12 Motion (Doc. 10 at 1–3).

Plaintiff also filed other requests and "Objections." In a filing styled "Motion to Compel and Objections," Plaintiff recounts a dream in which he was declared a vexatious litigator, speculates about alleged election-rigging and judicial bribery (Doc. 11 at 1–4). In another filing, titled "Objections and Sounding Alarm Over Threats to the National Security of the United States," Plaintiff alleges, among other things, that members of "GOG AND MAGOG," including Barack Obama, "have compromised the national security of the United States to the communist nation of CHINA" (Doc. 15 at 2). A final filing, captioned "Objections to the Court Playing Musical Judges," objects to the reassignment of this case, asserts that "crooked" judges are being rotated to shield corruption, and attaches alleged web-server logs that he believes prove coordination between "GOG AND MAGOG" and individuals in Ohio, related to his website "ColdCellTorture.com" (Doc. 17 at 1–3).

Each of these pending matters is addressed below.

## Law

### Federal Civil Rule 12

Defendants move to dismiss the Complaint under Federal Civil Rules 12(b)(1), 12(b)(5), and (12)(b)(6). First, under Rule 12(b)(1), a court may dismiss a complaint for lack of subject-matter jurisdiction when the allegations "are totally implausible, attenuated, unsubstantial, frivolous,

devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Second, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Third, Rule 12(b)(5) authorizes courts to dismiss a complaint for insufficient service of process.

Given Plaintiff's *pro se* status, this Court notes that he is "held to less stringent standards than those prepared by attorneys, and [his filings] are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). They must still meet "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DOES THIS COURT HAVE JURISDICTION?

### Federal Civil Rule 12(b)(1)

The Complaint tells a sensational story. Plaintiff alleges that federal judges in two prior cases accepted bribes in order to cover up a nearly-two-decade-long conspiracy arising from Plaintiff's 2006 "cold-cell" detention in a South Carolina jail (Doc. 1-3 at 1–2). He further claims that these same actors rig elections, hire CIA assassins, and orchestrate coordinated internet traffic to his website.

At this stage, this Court must accept well-pleaded factual allegations as true. However, courts need not credit allegations that are "wholly incredible" or "rise to the level of the irrational." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (noting that courts do not accept "allegations that [are] sufficiently fantastic to defy reality as we know it") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 696

(2009) (Souter, J., dissenting)). And the Sixth Circuit has approved *sua sponte* dismissal of fee-paid complaints on this basis as well. *Apple*, 183 F.3d at 480. *See also Clark v. United States*, 74 F. App'x 561, 562–63 (6th Cir. 2003) (affirming dismissal of frivolous fee-paid complaint).

The Complaint here is frivolous because "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts routinely dismiss frivolous complaints like this one, which allege nationwide conspiracies by federal officials, presidents, or public figures, but lack any coherent factual basis. *See, e.g.*, *Clark*, 74 F. App'x at 562–63 (approving *sua sponte* dismissal of complaint alleging government radiation experiments); *Hix v. Bush*, 2010 WL 2560446, at *1 (E.D. Mich. 2010) (dismissing complaint alleging former President Bush orchestrated "intended murder" and other fantastical misconduct); *Tucker v. FBI Headquarters*, 2020 WL 2059866, at *2–3 (E.D. Mich. 2020) (dismissing a similar conspiracy-laden complaint for lack of subject-matter jurisdiction even though the plaintiff had paid the filing fee).

As in those cases, Plaintiff's allegations are wholly beyond the realm of reality. Plaintiff's allegations closely resemble those invoked in cases where courts have found subject-matter jurisdiction lacking because the pleadings describe "fantastic or delusional scenarios." *Apple*, 183 F.3d at 479–80. *See also Byrd v. Google LLC*, 2025 WL 2723409, at *2–3 (E.D. Tenn. 2025) (collecting cases). "In short, Plaintiff's pleading is delusional and lacks 'a short and plain statement' of claims showing that Plaintiff is entitled to relief." *Hix*, 2010 WL 2560446, at *1. This Court therefore lacks subject-matter jurisdiction over this action and must dismiss it under Rule 12(b)(1).

This Court further notes that this dismissal must be without prejudice. That is because "a dismissal with prejudice operates as an adjudication on the merits, but 'a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits.'" *Smith v. Cadle*, 2021 WL 7210172, at *3 (6th Cir. 2021) (quoting *Thompson v. Love's Travel Stops & Country Stores*,

*Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018)). Therefore, a dismissal under *Apple v. Glenn* must be a "dismissal without prejudice." *Id. See also Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (noting there is a "heavy presumption that a dismissal for lack of jurisdiction will be without prejudice," and therefore dismissal with prejudice would constitute error).

Although the jurisdictional conclusion above is sufficient on its own under Rule 12(b)(1), this Court alternatively addresses the other grounds raised in Defendants' Motion.

### DOES PLAINTIFF PLAUSIBLY STATE A CLAIM?

**Federal Civil Rule 12(b)(6)**

Apart from a lack of subject-matter jurisdiction, Plaintiff fails to plead a legal theory upon which a valid federal claim could proceed. There are several reasons, each outlined below.

**There is no *Bivens* remedy in this context.**

Plaintiff invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, in which the Supreme Court recognized an implied damages remedy against federal officers for a specific kind of Fourth Amendment violation. 403 U.S. 388 (1971). But the Supreme Court has repeatedly refused to extend *Bivens* beyond its narrow contexts. *See Egbert*, 596 U.S. at 486 (collecting cases).

A damages remedy against federal judicial officers for their case-deciding activities would be a dramatic extension of *Bivens* into an entirely new context with obvious "special factors" counseling hesitation, including judicial independence, the existence of alternative remedies (appellate review, mandamus, and disciplinary processes), and the separation of powers. *Id.* at 496–99. The Supreme Court has emphasized that "in most every case" courts should decline to extend *Bivens* in such circumstances. *Id.* at 492.

Given *Egbert*'s strict limitations, this Court will not imply a *Bivens* remedy for Plaintiff's claims, which surely fail as a matter of law. *See, e.g., Bardes v. Magera*, 2009 WL 3163547, at *28 (rejecting Plaintiff's *Bivens* conspiracy claims).

**Federal criminal statutes do not create private causes of action.**

The Complaint is framed in part as a civil action under federal criminal bribery statutes, 18 U.S.C. §§ 201 and 666, and other unspecified "criminal conspiracy" laws (Doc. 1-3 at 1).  But private citizens have no authority to enforce federal criminal statutes through civil suits.  *Bardes v. Magera* dismissed nearly identical attempts to invoke federal criminal laws as civil causes of action. 2009 WL 3163547, at *33–34.

The Sixth Circuit has consistently held that criminal statutes do not give rise to privately enforceable rights.  "[T]he general rule is that a private right of action is not maintainable under a criminal statute."  *Am. Postal Worker's Union AFL–CIO, Detroit Local v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973).  "Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions."  *Id.* (citation omitted).  *See also Jackson v. Apple*, 2022 WL 4132883, at *2 (N.D. Ohio 2022) ("[C]riminal statutes generally do not confer a private right of action and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'") (quoting *Ohlendorf v. United Food & Com. Workers Int'l Union*, *Local 876*, 883 F.3d 636, 642 (6th Cir. 2018)).

Plaintiff's bribery-based claims therefore fail to state a claim upon which relief can be granted.

**Defendants are immune.**

Plaintiff sues Defendants in both their individual and official capacities (Doc. 1-3 at 1). Official-capacity claims against federal judges are, in substance, claims against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Such claims are barred by sovereign immunity absent a specific waiver, and Plaintiff identifies none.  *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

To the extent Plaintiff seeks injunctive or declaratory relief against Defendants relating to their handling of his earlier cases, or seeks to control case assignments in this Court, those requests likewise run headlong into sovereign immunity. Federal judges are not subject to private injunctive suits concerning their judicial acts. *See, e.g.*, *Young v. Campbell*, 2025 WL 242536, at *2–3 (M.D. Tenn. 2025) (dismissing action seeking to enjoin a federal district judge from ruling on pending motions). Therefore, all official-capacity claims fail.

Further, Plaintiff's official capacity-claims, along with his individual-capacity claims, are barred by absolute judicial immunity. Judges are absolutely immune from suits for damages arising out of acts performed in their judicial capacity, provided they do not act in the clear absence of all jurisdiction. *Forrester v. White*, 484 U.S. 219, 225–29 (1988). This "immunity is dependent on the challenged conduct being an official judicial act within his statutory jurisdiction, broadly construed." *Dennis v. Sparks*, 449 U.S. 24, 29 (1980) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Courts examine whether the act was a "function normally performed by a judge" and whether plaintiff "dealt with the judge in [their] judicial capacity." *Isreal v. Holbrook*, 2018 WL 7238099, at *1 (6th Cir. 2018) (quoting *Stump*, 435 U.S. at 362). And immunity cannot be defeated by allegations of bribery or corruption. *See Dennis*, 449 U.S. at 28–29 (affirming judicial immunity on allegations "that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge").

Plaintiff's unhappiness is directed at classic judicial acts -- ruling on motions, adopting R&Rs, screening and dismissing complaints, and entering judgment. Ruling on a complaint or motion is the paradigm of a judicial function. Indeed, these are the exact "function[s] normally performed by a judge." *Stump*, 435 U.S. at 362. Plaintiff does not allege that Defendants acted in the clear absence of jurisdiction when they decided his prior cases. Rather, he objects to the merits of their rulings and attributes them to bribery. No one likes to lose, but *Dennis* squarely holds that even

11

allegations that a judge's orders were the product of a corrupt bribery conspiracy do not defeat judicial immunity. 449 U.S. at 27–29.

**There are no plausible tort or conspiracy claims.**

Above and beyond constitutional and criminal theories, Plaintiff mixes in a host of common-law and "federal torts" including abuse of process, fraud, civil conspiracy, intentional infliction of emotional distress, defamation, malpractice, and breach of fiduciary duty (Doc. 1-3 at 1). These claims, however, are skeletal. Plaintiff offers only conclusory factual allegations without connecting any specific tort elements to any specific acts by Defendants beyond their rulings in prior cases.

Again, from the outset, courts have rejected similar allegations by Plaintiff as "wholly conclusory" and insufficient to "nudge [his] claims across the line from conceivable to plausible." *Bardes v. Magera*, 2009 WL 3163547, at *33 (quoting *Twombly*, 550 U.S. at 570). Here, too, Plaintiff recites several legal labels (e.g., "abuse of process," "fraud," "civil conspiracy"), but does not plead factual content that would allow this Court to infer liability under any recognized tort theory. "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). And bare assertions are all we have here.

### WAS SERVICE PROPER?

**Federal Civil Rule 12(b)(5)**

Defendants also challenge service of process, pointing out that Plaintiff did not comply with Federal Civil Rule 4(i), which governs service on the government and its officers (Doc. 13 at 12–13). "In deciding a motion to dismiss under Rule 12(b)(5), [this Court] may refer to record evidence in determining the sufficiency of service." *Emiabata v. Farmers Ins. Corp.*, 2024 WL 4940543, at

*4 (M.D. Tenn. 2024) (citation omitted). Plaintiff bears the burden of "showing that proper service was made." *Mullins v. Kalns*, 2000 WL 1679511, at *3 (6th Cir. 2000).

To satisfy Rule 4(i)(1), a plaintiff must properly serve a copy of the summons and complaint on the Attorney General of the United States and on the United States Attorney for the district where the action is brought. *Scott v. United States Dep't of Homeland Sec.*, 2023 WL 5310101, at *1 (S.D. Ohio 2023). Failure to strictly comply is grounds for dismissal. *See, e.g.*, *Goings v. DEA*, 2025 WL 2155799, at *8 (M.D. Tenn. 2025).

Plaintiffs' own evidence (*see* Doc. 5) shows that he failed to effect proper service, and the Opposition to Default (*see* Doc. 10 at 2–5) explains these service defects in detail. Rather than serving the United States Attorney for this District and the Attorney General, Plaintiff mailed papers directly to the judicial chambers and signed the Proof of Service forms himself (Doc. 5). This is both insufficient under Rule (4)(i) and a violation of Rule 4(c)(2), which states: "any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added).

Because this Court dismisses this action on the jurisdictional grounds outlined above, it need not decide whether to allow Plaintiff additional time to cure service defects. Even if service were proper, the Complaint would still be dismissed.

### EVERYTHING ELSE

### Plaintiff's Motions for Default Judgment

Plaintiff's Motions for Default Judgment (Docs. 7, 9) fail for multiple, independent reasons. First, he failed to follow the two-step process outlined in Federal Civil Rule 55, as he never obtained a clerk's entry of default. Second, as noted above, he failed to properly effectuate service. Third, even assuming proper service, Defendants timely appeared and filed a Rule 12 motion within the applicable 60-day response period (Doc. 10). Plaintiff therefore cannot show Defendants have

"failed to plead or otherwise defend."  Federal Civil Rule 55.  Any of these failures, alone, would be fatal.

More important, default judgment cannot be entered on a Complaint that is jurisdictionally defective or legally frivolous.  *See Hill v. Michigan*, 14 F. App'x 401, 403 (6th Cir. 2001) (holding that the district court properly denied a motion for default where plaintiff's complaint was "legally frivolous").  Both because this Court lacks subject-matter jurisdiction and Plaintiff's claims are barred as a matter of law, the Motions for Default (Doc. 7, 9) must be denied.

**Plaintiff's "Objections"**

This Court next turns to Plaintiff's assorted filings and requests for relief.  Plaintiff's "Motion to Compel and Objections" (Doc. 11) requests an assortment of relief, much of it untethered to the claims in this case.  The Motion recounts a dream in which Plaintiff was declared a vexatious litigator and also speculates about national security concerns and alleged election-rigging conspiracies (*id.* at 1–4).  His "Objections and Sounding Alarm Over Threats to the National Security of the United States" accuses several government and private actors of an elicit conspiracy with the Chinese Communist Party (Doc. 15 at 2–10).  And his "Objections to the Court Playing Musical Judges" similarly accuses assigned judges of corruption and cites server logs as proof of coordination between "GOG AND MAGOG" and individuals in Ohio (Doc. 17 at 1–4).

To the extent these filings seek to compel criminal investigations and arrests, control media coverage, or dictate judicial assignments, this Court has no authority to grant such relief.  To the extent they reiterate Plaintiff's substantive allegations, they are rejected for the same reasons the Complaint is dismissed.  Accordingly, any "objections" or "requests" contained in these filings (Docs. 11, 15, 17) are overruled or denied as moot.

14

**Vexatious-Litigator Determination and Prefiling Restrictions**

Finally, Defendants ask this Court to declare Plaintiff a vexatious litigator and impose limited prefiling restrictions (Doc. 13 at 19–21).

To impose a vexatious litigant order, a district court must:

(1) provide notice to the plaintiff;

(2) create an adequate record for review including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;

(3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and

(4) narrowly tailor the order to closely fit the specific vice encountered.

*Sultaana v. Corrigan*, 2021 WL 7160160, at *5 (6th Cir. 2021) (cleaned up). For instance, in *Feathers v. Chevron U.S.A., Inc.*, the Sixth Circuit affirmed an injunction barring a litigant from filing additional actions over a decades-old land dispute without court permission where repeated suits had been dismissed on claim preclusion and collateral-estoppel grounds. 141 F.3d 264, 269 (6th Cir. 1998).

This Court likewise has inherent authority to curb abusive litigation conduct and frivolous claims. First, Plaintiff has been provided notice, by multiple courts, that continued filings would result in filing restrictions. Most recently, he was warned that "submitting any additional objectively frivolous filings may result in [labeling] him a vexatious litigator." *Bardes v. Bush*, 2023 WL 2364664, at *19. And this Court has provided Plaintiff with an opportunity, through his many filings, to be heard on this issue.

Second, this Court finds prefiling measures appropriate and necessary due to the "frivolous [and] harassing nature of [Plaintiff's] actions." *Sultaana*, 2021 WL 7160160, at *5. As outlined above, Plaintiff's conduct warrants such a finding. He has:

- Initiated numerous federal suits across multiple districts based on his "cold-cell" allegations and expanding conspiracy theories;

15

- Repeatedly sued judges and public officials who ruled against him, rather than pursuing appeals;

- Advanced increasingly fantastical charges of bribery, election rigging, and assassination plots;

- Consumed substantial judicial and governmental resources with claims that are consistently found to be lacking any factual basis; and

- Ignored multiple warnings that continued filings of this nature would result in filing restrictions.

This Court imposes the following restrictions, which are narrowly tailored to remedy the issue:

- Plaintiff must either (1) retain counsel for any future litigation in this Court; or (2) submit a statement from an attorney licensed to practice in this Court or the State of Ohio, certifying that there is a good-faith basis for the action or paper he seeks to file.

- If Plaintiff files any additional actions in this Court, he or his counsel shall file a list of all Plaintiff's prior litigation since 2008 and the outcome of each lawsuit.

- If Plaintiff files any new proceeding in state court that is removed to federal court, or if he files an action in another federal court that is transferred here, he must comply with these same restrictions within 30 days of removal or transfer.

If Plaintiff fails to comply with any one or more of these restrictions, future cases will be dismissed *sua sponte*. These restrictions do not bar Plaintiff from filing Notices of Appeal in this case or any other case, nor do they prevent him from defending actions brought against him.

## CONCLUSION

Enough already. For the reasons set forth in Defendants' briefing, the Motion to Dismiss and to Declare Plaintiff a Vexatious Litigator (Doc. 13) is granted. Plaintiff's Motions for Default

Judgment (Docs. 7, 9) are denied. Likewise, any requests contained in Plaintiff's "Objections" (Docs. 11, 15, 17) are denied.

This case is dismissed without prejudice for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim and failure to perfect service. Plaintiff is declared a vexatious litigator and is subject to the prefiling restrictions outlined above.

IT IS SO ORDERED.

                               *s/ Jack Zouhary*
                               JACK ZOUHARY
                               U. S. DISTRICT JUDGE

                               December 15, 2025